UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELMER L. JEFFERSON, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:13CV542 ACL |
| ELLIS McSWAIN, JR., | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

On January 14, 2016, the Court denied Jefferson's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 and dismissed the Petition with prejudice. (Doc. 70.) Presently pending before the Court is Petitioner Elmer L. Jefferson's "Objection to Magistrate Judge's Dismissal with Prejudice [of] Petition for a Writ of Habeas Corpus under 28 U.S.C. Sec. 2254" (Doc. 72), and "Amendment to Objection to Magistrate Judge's Dismissal with Prejudice for Petition for Writ of Habeas Corpus Under 28 U.S.C. Sec. 2255" (Doc. 73).

The Court will construe Jefferson's objections as motions for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6). Under Rule 60(b)(6), a court may grant relief from judgment for a "reason justifying relief from the operation of judgment." Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented him from seeking redress through the usual channels. *Harley v. Zoesch,* 413 F.3d 866, 871 (8th Cir. 2005); *Atkinson v. Prudential Prop. Co., Inc.,* 43 F.3d 367, 373 (8th Cir. 1994). "'Exceptional circumstances' are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at." *Atkinson,* 43 F.3d at 373.

The undersigned has considered Jefferson's objections, and finds that Jefferson has failed to show exceptional circumstances warranting Rule 60(b)(6) relief. Throughout the course of these proceedings, Jefferson had ample opportunity to address and argue his claims to this Court with numerous filings of briefs, supplements, and motions. Jefferson has not shown that he was unable to fully and fairly litigate his claims or to seek redress through the usual channels. The undersigned's Memorandum and Order of January 14, 2016, addressed all of Jefferson's claims and related arguments and set out the reasons for denying Jefferson relief. Jefferson's mere disagreement with the Court's determination is insufficient to warrant Rule 60(b) relief. Thus, the Court declines to reconsider its determination.

Accordingly,

**IT IS HEREBY ORDERED** that Jefferson's motions for reconsideration (Docs. 72, 73) are **denied**.

Dated: May 17, 2016.

ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE